# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**LASHUN PEETE,**                                                                        **PETITIONER**
Reg # 18675-076

**VS.**                        **NO. 2:10CV00008-BSM-BD**

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                              **RESPONDENT**

# RECOMMENDED DISPOSITION

## I.    Procedure for Filing Objections

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Background and Discussion

On January 19, 2010, Petitioner filed a pro se petition for a writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241. Petitioner is serving an fifty-seven month sentence in the Bureau of Prisons ("BOP") after pleading guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (#1 at p. 3)

In his petition, Petitioner claims that under 18 U.S.C. § 3621(e), he is eligible for a reduction in his sentence because he successfully completed a residential drug abuse program. (#1 at p. 6-7) Petitioner claims BOP regulations, which disqualify him from early release because his underlying offense involved a firearm, violate the Administrative Procedures Act.

On March 26, 2009, the Eighth Circuit decided a similar case, *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009). In *Gatewood*, as in this case, the habeas petitioner claimed BOP regulations disqualifying prisoners from early release after successful completion of a residential drug abuse program violate the Administrative Procedures Act. The Court disagreed, however, and affirmed the District Court's dismissal of the habeas petition. In doing so, the Court rejected the Ninth Circuit's analysis in *Arrington v. Daniles*, 516 F.3d 1106 (9th Cir. 2008) and held that the BOP's regulations do not violate the Administrative Procedures Act. *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir.

2009). The United States Supreme Court denied *certiorari* and denied a petition for rehearing in *Gatewood*. (#16) See *Gatewood v. T.C. Outlaw*, 560 F.3d 843, *cert. denied*, 130 S.Ct. 490 (2009), *petition for rehearing denied*, 2010 WL 58841 (Jan. 11, 2010).

In this petition, Petitioner asks the Court to grant him eligibility for early release based upon his completion of the BOP's residential drug abuse program. Petitioner claims the BOP's regulations denying him eligibility for early release violate the Administrative Procedures Act. The *Gatewood* decision is dispositive. Petitioner pled guilty to an offense under 18 U.S.C. § 922(g) involving possession of a firearm. Under 28 C.F.R. § 550.55(b)(5)(ii) and BOP Program Statement 5162.05[1], Petitioner is ineligible for a reduction in his sentence under 18 U.S.C. § 3621(e). *Id*. at 849.

### III. Conclusion

For the reasons set forth above, the Court recommends that the District Court summarily dismiss Lashun Peete's petition for writ of habeas corpus (#1) with prejudice under Rule 4 of the Rules Governing Section 2254 Cases.[2]

DATED this 22nd day of January, 2010.

　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 C.F.R. § 550.55 became effective on March 16, 2009. On the same day, the Bureau of Prisons issued Program Statement 5162.05 and rescinded Program Statement 5162.04.

[2] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.